IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 3:17-cr-0654-N |
| CHRISTOPHER EASLEY | |

## MEMORANDUM ORDER

Under the authority of 28 U.S.C. § 636(b), the District Court referred Defendant Christopher Easley's "Formal Petition Upon Title 18 U.S.C. § 3583(e)(2) in Seeking Modification of Term and Supervised Release Conditions and All with Consideration for 18 USCS § 3553(a)(1), USSG § 5F1.5, and Fed. R. Cr. P. 32.1" (ECF No. 34) to the undersigned United States Magistrate for a hearing, if necessary, and determination. For the following reasons, Easley's petition is DISMISSED.

On January 9, 2018, Easley pleaded guilty to possession of child pornography involving a prepubescent minor, in violation of 18 U.S.C. § 2252A(a)(5)(B). *See* Report & Rec. (ECF No. 13). On April 24, 2018, the District Court sentenced him to 36 months of imprisonment and seven years of supervised release. *See* J. 2-3 (ECF No. 25). In addition to the term of supervised release, the District Court also imposed numerous conditions of supervision, including conditions requiring him (1) to register as a sex offender, (2) to submit to computer monitoring, (3) to participate in sex offender treatment, and

1

(4) prohibiting him from obtaining pornography. *Id.* at 5. Finally, the Court ordered that Easley pay a mandatory special assessment fee of $5,000, in accordance with Easley's Plea Agreement and the Justice for Victims of Trafficking Act. *See* 18 U.S.C. § 3014(a); Plea Agreement 3, ¶ 6 (ECF No. 4).

Two years after he pleaded guilty, on January 9, 2020, Easley filed his petition under 18 U.S.C. § 3583(e)(2). In it, he requests that the Court reduce the term of his supervised release from seven years to one year and waive or otherwise reduce the $5,000 special assessment fee. Mot. 8. Easley also challenges the constitutionality and legality of several conditions of supervision related to the nature of his conviction for possession of child pornography. *Id.* at 11-12, 15-16

Easley is still serving his term of imprisonment and is not yet subject to any conditions of supervised release. *See id.* at 1, 3. Therefore, the Court lacks authority to consider his challenge to the length or duration of his supervised release. Under 18 U.S.C. § 3583(e)(1), "[t]he court may, after considering the factors set forth in [§ 3553(a)] . . . terminate a term of supervised release . . . at any time *after the expiration of one year of supervised release* . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" (emphasis added). But the Court may not modify or terminate the duration of Easley's supervised release term until he has served at least a year of supervised release. *United States v. Zimmerman*, 481 F. App'x 199, 201 (5th Cir. 2012); *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). Easley must live within the

limitations of supervised release for at least one year before he can seek to modify the duration of his supervised release.

Also, Easley cannot challenge the legality or constitutionality of the special conditions of his supervised release in a motion under § 3583(e)(2). *See United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999). And, as the government points out, Easley waived his right to appeal his sentence or file a motion under § 2255 attacking it in his Plea Agreement, except in limited circumstances not present here. Plea Agreement 6, ¶ 12. In any event, because he is still incarcerated, Easley's petition is premature with respect to his challenge to the specific conditions of release regarding submission to polygraph and plethysmograph testing. *United States v. Christian*, 344 F. App'x 53, 56 (5th Cir. 2009) (holding challenges to a condition that defendant *may* be required to undergo psycho-physiological testing unripe while defendant still incarcerated because such testing was not yet—and may never be—ordered) *Zimmerman*, 481 F. App'x at 201 (same). Easley's conditions of release only require that he participate in a sex offender treatment program which *may* include psycho-physiological testing such as a polygraph or a plethysmograph. Such testing has not been—and may never be—ordered. Easley's petition is therefore unripe with respect to the challenges to the condition of release requiring polygraph and plethysmograph testing.

Finally, the Court lacks authority to reduce Easley's $5,000 special assessment. Under 18 U.S.C. § 3014(a)(3), a court "*shall* assess an amount of $5,000 on any non-indigent person or entity convicted of an offense . . . relating to

3

sexual exploitation and other abuse of children[.]" 18 U.S.C. § 3014(a)(3) (emphasis added). Easley was convicted under 18 U.S.C. § 2252A(a)(5)(B) for possession of child pornography involving a prepubescent minor. J. 1. Thus, the $5,000 special assessment in this case is mandatory and cannot be reduced. Moreover, in his Plea Agreement, Easley both agreed to the mandatory special assessments applicable to his conviction as components of his sentence and waived his right to appeal his sentence. Plea Agreement 2, 6, ¶¶ 3, 12.

For these reasons, Easley's petition is DISMISSED.

**SO ORDERED.**

February 20, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE